NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2751
_____

EDIN SAMUEL RIVERA RIVERA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No: A201-506-436)
Immigration Judge: Shana W. Chen
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
June 17, 2025

Before: CHAGARES, *Chief Judge*, MONTGOMERY-REEVES, and McKEE, *Circuit
Judges*

(Opinion filed: September 11, 2025)

_____

OPINION*
_____

McKEE, *Circuit Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Edin Samuel Rivera Rivera petitions for review of the Board of Immigration Appeals's order affirming the denial of his request for cancellation of removal.[1]  For the reasons that follow, we will dismiss the petition in part and deny it in part.[2]

**I.**

We have jurisdiction to review the BIA's decision to the extent it involves questions of law or mixed questions of law and fact.[3]  However, we lack jurisdiction to review the agency's factual findings or discretionary determinations.[4]  We therefore must dismiss the petition to the extent Rivera Rivera challenges the Immigration Judge's factual findings and exercise of discretion.

**II.**

We also will dismiss the petition with respect to arguments Rivera Rivera failed to present to the BIA.[5]  While the exhaustion requirement is not a jurisdictional bar to our

---

[1] The facts of this case are known to the parties and are recounted only to the extent necessary to explain the disposition of this case.

[2] Where we lack jurisdiction over an issue raised in a petition for review, or otherwise do not reach the merits, the appropriate remedy is to dismiss the petition.  Where we reach the merits, we may grant or deny the petition.  *See, e.g.*, *Pareja v. Att'y Gen.*, 615 F.3d 180, 197 (3d Cir. 2010) (dismissing petition as to claims over which the Court lacks jurisdiction while granting in part and denying in part as to claims resolved on the merits).

[3] 8 U.S.C. §§ 1252(a)(1), (a)(2)(D); *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

[4] 8 U.S.C. § 1252(a)(2)(B)(i); *Wilkinson*, 601 U.S. at 225 & n.4.

[5] The arguments not presented to the BIA include (i) that Rivera Rivera's daughter faces particular risks in Guatemala as a young woman in early puberty, (ii) that both children face risks associated with gang recruitment in Guatemala, (iii) that Rivera Rivera's son's prior need for therapy would reemerge if Rivera Rivera were removed, and (iv) that the IJ improperly cut off counsel's questioning.

review, it is a mandatory claims-processing rule.[6] We enforce that rule where, as here, the government properly raises an exhaustion challenge.[7]

This includes the argument that the IJ improperly limited questioning at the hearing, which Rivera Rivera frames as a due process issue. Although due process arguments are not always subject to the exhaustion requirement, Rivera Rivera raises an argument of "procedural error correctable through the administrative process."[8] It therefore should have been presented to the BIA.[9]

## III.

We will deny the petition as to the remaining arguments. Rivera Rivera challenges the determination that he failed to establish that his U.S.-citizen children would face "exceptional and extremely unusual hardship"[10] if he were removed to Guatemala. We conclude, however, that substantial evidence supports the agency's

---

[6] *See* 8 U.S.C. § 1252(d)(1) (requiring a petitioner to "exhaust[] all administrative remedies"); *Santos-Zacaria v. Garland*, 598 U.S. 411, 419, 424 (2023) (holding that § 1252(d)(1) is a non-jurisdictional but mandatory claims-processing rule).

[7] *Aguilar v. Att'y Gen.*, 107 F.4th 164, 168–69 (3d Cir. 2024) (explaining that the Court will enforce the exhaustion requirement when it is raised by the government).

[8] *See Khan v. Att'y Gen.*, 448 F.3d 226, 236 n.8 (3d Cir. 2006) (quoting *Sewak v. INS*, 900 F.2d 667, 670 (3d Cir. 1990)).

[9] *Id.* This claim in any event cannot succeed. The lines of questioning that the IJ limited concerned Rivera Rivera's pursuit of education, his unfounded expectations about jobs in Guatemala, and his support to non-U.S.-national family members. They did not bear on the core issue of hardship to Rivera Rivera's U.S.-citizen children. When the IJ instructed counsel to establish a foundation for and the relevance of these lines of questioning, counsel opted instead to "rest on the record." AR 124:3. Rivera Rivera cannot now complain of an undeveloped record.

[10] 8 U.S.C. § 1229b(b)(1)(D).

3

determination.[11]  The facts found do not show hardship "substantially beyond . . . [what] would be expected when a close family member leaves this country."[12]

Conditions in Guatemala are not a source of hardship because the IJ found no evidence that the children would relocate there with their father.[13]  Moreover, even if the children were to relocate to Guatemala, the findings do not establish that either child would face hardship there beyond what is inherent in moving to a country with a lower standard of living.[14]  Neither child faces documented educational challenges.  Moreover, "diminished educational opportunit[y]," standing alone, is insufficient to establish relief.[15]  While Rivera Rivera's son once received therapy for an unspecified condition, the treatment "stopped approximately four or five years ago."[16]  Rivera Rivera references language barriers,[17] but no factual finding supports that this is an issue for either child.

---

[11] *Wilkinson v. Att'y Gen.*, 131 F.4th 134, 140–42 (3d Cir. 2025) (holding hardship determination is reviewed for substantial evidence).

[12] *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quotation marks omitted).

[13] *See Wilkinson*, 131 F.4th at 146 (noting that a child "would remain in the United States, so the availability of care in the country to which the parent would be deported is not material").

[14] *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64 (explaining that "exceptional and extremely unusual hardship" is not satisfied merely by "[a] lower standard of living").

[15] *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 n.1 (B.I.A. 2002).

[16] AR 35.  *See In re J-J-G-*, 27 I. & N. Dec. 808, 811 (B.I.A. 2020) ("[T]o the extent that a claim [of hardship] is based on the health of a qualifying relative, an applicant needs to establish that the relative has a serious medical condition and, if he or she is accompanying the applicant to the country of removal, that adequate medical care for the claimed condition is not reasonably available in that country.").

[17] Although Rivera Rivera failed to make this argument before the BIA, the government did not challenge it on exhaustion grounds, so we consider it.  *See Aguilar*, 107 F.4th 164.

While the children may well suffer financial consequences from their father's removal, the IJ found no evidence that Rivera Rivera would be unable to earn money in Guatemala to support his family. Rivera Rivera therefore did not "establish financial hardship reaching the level of exceptional and extremely unusual hardship,"[18] which requires something more than "[a] lower standard of living."[19]

## IV.

For the foregoing reasons, we will dismiss the petition in part and deny it in part.

---

[18] AR 4.

[19] *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64.